IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOEL STEWART, | : | |
|     Plaintiff, | : | 1:14-cv-1846 |
| | : | |
| v. | : | Hon. John E. Jones III |
| | : | |
| STYKA, *et al.*, | : | |
|     Defendants. | : | |

## MEMORANDUM

### August 13, 2015

Plaintiff, Joel Stewart, an inmate currently confined at the State Correctional Institution at Frackville ("SCI-Frackville"), Pennsylvania, initiated the instant civil rights action pursuant to 42 U.S.C. § 1983, naming as Defendants Renee Styka ("Styka"), Joseph Purcell ("Purcell"), Peter Damiter ("Damiter"), and, SCI-Frackville. (Doc. 1, ¶¶ 2-5). He alleges that prison staff failed to protect him from harm by other inmates and, as a result, he suffered injuries. (*Id*.) Presently pending is Defendants' amended motion (Doc. 26) to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons that follow, the motion will be granted and the complaint will be dismissed.

**I.  STANDARD OF REVIEW**

In rendering a decision on a motion to dismiss, a court should not inquire "whether a plaintiff will ultimately prevail but whether the claimant is entitled to

offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974); *Nami v. Fauver*, 82 F.3d 63, 66 (3d Cir. 1996). The court must accept as true the factual allegations in the complaint and draw all reasonable inferences from them in the light most favorable to the plaintiff. *Innis v. Wilson*, 2009 U.S. App. LEXIS 12424, *4-5 (3d Cir. 2009) (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008)). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). "First, the factual and legal elements of a claim should be separated." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). Second, the court must then determine whether the complaint states a plausible claim for relief, which is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 211 (citing *Iqbal*, 556 U.S. at 679); *see also* 28 U.S.C. § 1915A(b) (directing the court to identify cognizable claims and to dismiss any portion of the complaint that fails to state a claim). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not 'show[n]' -- 'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679; FED. R. CIV. P.

8(a)(2).

## II.   FACTUAL BACKGROUND

Plaintiff alleges that since his arrival at SCI-Frackville, "officers that [sic] either worked his housing unit" or "those who were familiar of the nature of his charges," disseminated information to the general inmate population causing "widespread ignorance; discrimination and prejudice against him, while putting his life in danger . . . " (Doc. 1, ¶¶ 1-4).  His requests for protective custody "in light of his being labeled a snitch, a child molester, and homosexual by both officers, and inmates," were allegedly ignored by Defendants Damiter and Styka.  (*Id.* at ¶ 8). Plaintiff reported to Defendant Styka that he was being harassed by Inmate Jessie Oberdick ("Inmate Oberdick") and that he "feared for his life."  (*Id.* at ¶ 13). Defendants Styka and Purcell allegedly continued to ignore Plaintiff's complaints. (*Id.* at ¶ 19).

On March 22, 2014, upon exiting his cell, Plaintiff was attacked by Inmate Oberdick.  (*Id.* at ¶ 23).  Inmate Oberdick punched him in the face numerous times, knocked him to the ground and continued to punch and kick him in the face and head such that he was rendered unconscious.  (*Id.*)  He was transported to an outside hospital to undergo treatment.  (*Id.* at ¶ 26).  Upon his return to SCI-Frackville, he received a misconduct for fighting.  (*Id.* at ¶ 27).  On March 25,

2014, following a disciplinary hearing, he was found guilty of fighting and sentenced to thirty days disciplinary segregation. (*Id.* at ¶¶ 27-28).

Plaintiff initially filed an administrative grievance on April 7, 2014. (*Id.* at ¶ 39; Doc. 7, p. 2). Before receiving a response, he sought the assistance of another inmate, and on April 10, 2014, he filed a second administrative grievance. (Doc. 1, ¶¶ 31, 36, 39; Doc. 25-2, pp. 61-62). The grievance was denied on April 18, 2014, based on the following findings:

> Investigation revealed you have been attempting to manipulate a housing unit change. Your injuries sustained were a direct result of a fight that you verbally initiated. You were issued DC-141 #B192423 for this fight. You plead guilty to this charge at your hearing on 3/25/14. The inmate you fought with (Oberdick, Jesse HU-7121) has since been transferred. Your allegation of "not feeling safe" having Mrs. Styka as your Unit Manager is unfounded.
>
> Be advised, as per the Inmate Grievance System (DC-ADM 804) page 13, #12, you may be disciplined if you misuse the grievance system or fabricate facts in your grievance.
>
> No further action is required.

(Doc. 7, p. 1). Plaintiff did not pursue an appeal of the grievance officer's decision. He alleges that he "was influenced to discontinue his filing through the response given to his grievance. The Plaintiff interpreted this response as a direct threat. Therefore, he felt it would be safer and unnecessary for him to continue filing the appeal of the response given." (Doc. 1, p. 6, ¶ 1).

4

### III. DISCUSSION

Under the Prison Litigation Reform Act of 1996 (the "PLRA"), a prisoner is required to pursue all avenues of relief available within the prison's grievance system before bringing a federal civil rights action concerning prison conditions. *See* 42 U.S.C. § 1997e(a); *Booth v. Churner*, 206 F.3d 289, 291 (3d Cir. 2000). Specifically, "[n]o action shall be brought with respect to prison conditions . . . until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). As the statute's language makes clear, the exhaustion of available administrative remedies prior to filing suit is mandatory. *See Nyhuis v. Reno*, 204 F.3d 65, 73 (3d Cir.2000) ("[I]t is beyond the power of this court—or any other—to excuse compliance with the exhaustion requirement, whether on the ground of futility, inadequacy or any other basis.") (quoting *Beeson v. Fishkill Corr. Facility*, 28 F. Supp.2d 884, 894–95 (S.D.N.Y. 1998)). Whether an inmate has exhausted administrative remedies is a question of law that is to be determined by the court, even if that determination requires the resolution of disputed facts. *See Small v. Camden County*, 728 F.3d. 265, 268 (3d Cir. 2013); *see also Drippe v. Tobelinski*, 604 F.3d 778, 781 (3d Cir.2010).

The "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether

they allege excessive force or some other wrong." *Woodford v. Ngo*, 548 U.S. 81, 90–92 (2006). It requires compliance with the prison's "deadlines and other critical procedural rules." *Porter v. Nussle*, 534 U.S. 516, 532 (2002). "The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 211–212 (2007).

The Pennsylvania Department of Corrections (DOC) "Inmate Grievance System" policy, DC-ADM 804, in effect at the relevant time, permitted an inmate to seek initial review of a grievance by a staff member designated as a grievance officer. (Doc. 25-2, p. 11). If dissatisfied with that response, the inmate could pursue an appeal to the superintendent of the facility. (*Id.* at p. 24). If still dissatisfied, the inmate had the option to submit a final appeal to the Secretary's Office of Inmate Grievances and Appeals. (*Id.* at p. 26).

In the matter *sub judice*, Plaintiff failed to exhaust available administrative remedies in that he only sought initial review and did not avail himself of the appeal process. He seeks to excuse compliance with the exhaustion requirement stating that he interpreted the response to his grievance as a direct threat and "felt it would be safer and unnecessary for him to continue filing the appeal of the

response given." (Doc. 1, p. 6, ¶ 1). However, the exhaustion requirement has not recognized fear of retaliation as a basis for excusing a prisoner's failure to exhaust. Absent extraordinary circumstances, courts have rejected efforts to be excused from exhaustion, or to have their exhaustion requirements tolled, due to alleged fear of staff retaliation. *McEachin v. Beard*, 136 F. App'x 534, 535 (3d Cir. 2005); *Hill v. Smith*, 4:05–CV1724, 2005 WL 2666597 (M.D.Pa. Oct.19, 2005). Plaintiff has pleaded no such extraordinary circumstances.

Because Plaintiff has not exhausted his administrative remedies as required by the PLRA, his complaint will be dismissed.

## IV.   CONCLUSION

For the foregoing reasons, Defendants' amended motion (Doc. 26) to dismiss will be granted.

A separate order will enter.